**FILED**

MAY 2 1 2007

*[signature]* CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 07-40001 |
| | \* | |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER |
| | \* | |
| JOSEPH L. WISE, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant, Joseph L. Wise, is charged with two counts of felony failure to pay child support obligations, 18 U.S.C. § 228(a)(3). Defendant has moved for permission to not be personally present and to appear at his change of plea hearing by video conference from Glasgow, Kentucky. Doc. 18. The Government has not resisted the motion. For the reasons set forth in this Memorandum Opinion the motion for permission to not be personally present and to appear at the change of plea hearing by video conference is denied.

## DISCUSSION

Rule 43 of the Federal Rules of Criminal Procedure governs the circumstances under which a criminal defendant must be present in the courtroom. Rule 43 provides:

> **(a) When Required.** Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:
>
> > **(1)** the initial appearance, the initial arraignment, and the plea;
> > **(2)** every trial stage, including jury impanelment and the return of the verdict; and
> > **(3)** sentencing.
>
> **(b) When Not Required.** A defendant need not be present under any of the following circumstances:
> > **(1) Organizational Defendant.** The defendant is an organization represented by counsel who is present.
> > **(2) Misdemeanor Offense.** The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence.

**(3) Conference or Hearing on a Legal Question**. The proceeding involves only a conference or hearing on a question of law.
**(4) Sentence Correction.** The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).

**(c) Waiving Continued Presence.**

**(1) In General**. A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:
    **(A)** when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
    **(B)** in a noncapital case, when the defendant is voluntarily absent during sentencing; or
    **(C)** when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.
**(2) Waiver's Effect.** If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence.

Defendant relies upon the holding in *United States v. Saenz*, 429 F.Supp.2d 1109, 1112 (N.D. Iowa 2006), a resentencing case, for the proposition that the right to be present during a criminal proceeding belongs to the defendant and the defendant has the right to waive such rights. While a defendant may waive his most basic constitutional rights, Defendant's position ignores the language of Rules 11 and 43 and the  fact that criminal rules of procedure may differ from constitutional rights. Congress may prohibit  a waiver to afford greater protection  to the defendant's right to be present at his change of plea and to accommodate the public's interest as Congress perceives the same. As the Eleventh Circuit has explained, "[T]he rule [43(a)] does not establish the right of a defendant to be present, but rather affirmatively requires presence." *In re United States*, 784 F.2d 1062, 1062-1063 (11th Cir. 1986).

Rule 11(b)(1) of the Federal Rules of Criminal Procedure requires, "Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant *personally in open court*." Rule 11(b)(2) also requires, "Before accepting a plea of guilty or nolo contendere, the court must address the defendant *personally in open court* and

determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Unlike Rule 5[1], which governs initial appearance, and Rule 10[2], which governs arraignment, both of which were amended effective December 1, 2002, to permit video conference, Rule 11 has no provision allowing video conferencing if consented to by a defendant. As the district court in New Mexico observed, "If the drafters wanted to allow video conferencing for the precise situation here, they knew how to do it; the fact that they did not do so suggests that the Court should not create a provision similar to rule 10(c) and rule 5(f) for rule 11 (Pleas) and for rule 32 (Sentencing)." *United States v. Jones,* 410 F.Supp.2d 1026, 1030 (D.N.M. 2005); *See also, United States v. Melgoza,* 248 F.Supp.2d 691, 692 (S.D. Ohio 2003)(denying Defendants' motions to enter pleas by video conference).

Although the Court is unaware of any Eighth Circuit opinion defining the nature of a video conference, those Circuits that have addressed the matter have held that a defendant's participation by video conference does not constitute the presence required by Rule 43 of the Criminal Rules of Procedure. *See, e.g., United States v. Torres-Palma,* 290 F.3d 1244 (10th Cir. 2002); *United States v. Lawrence,* 248 F.3d 300 (4th Cir. 2001); *United States v. Navarro,* 169 F.3d 228 (5th Cir. 1999); *Valenzuela-Gonzalez v. U.S. Dist. Court for Dist. of Arizona,* 915 F.2d 1276 (9th Cir. 1990)(pre-amendment case acknowledging closed-circuit television procedure may be allowed if necessary as opposed to convenient). This Court will follow the holdings of these Circuits and not allow video conference for the taking of Defendant's plea, as video conferencing does not satisfy the requirement of presence contained in Rule 11 and Rule 43, notwithstanding Defendant's offer to file a written waiver of his right to be present at his change of plea hearing.

Defendant advises in his supporting memorandum that the cost of a round trip bus ticket from Glasgow, Kentucky to Sioux Falls, South Dakota is approximately $250. Defendant then offers to

---

[1]Federal Rule of Criminal Procedure 5(f) provides: "Video teleconferencing may be used to conduct an appearance under this rule if the defendant consents."

[2]Federal Rule of Criminal Procedure 10(c) provides: "Video teleconferencing may be used to arraign a defendant if the defendant consents."

deposit the $250 with the Clerk as a condition precedent to his requested relief. Defendant's case demonstrates that there are many valid arguments concerning convenience and prioritization of resources which support allowing video conferences in this and other cases. However, there also exists the point of view that even with advancing technology, video conferencing is still not the complete equivalent of actual presence, and that a judge needs to be certain that a defendant who is pleading guilty is presenting a voluntary and intelligent waiver of his constitutional rights. This point of view supports requiring a defendant to be personally present before the Court when pleading guilty to a felony charge. *See generally*, Zak Hillman, *Pleading Guilty and Video Teleconference: Is A Defendant Constitutionally "Present" When Pleading Guilty By Video Teleconference*, 7 J. High Tech. L. 41 (2007); Fern L. Kletter, Annotation, *Constitutional and Statutory Validity of Judicial Videoconferencing*, 115 A.L.R.5th (2004). Unless and until Rule 43 is amended to allow video conferencing in felony plea and sentencing hearings, or unless and until the Eighth Circuit Court of Appeals approves of this practice, this Court cannot ignore the plain language of the Rule, notwithstanding all parties agreeing to allow video conferencing when the Rule does not do so. Accordingly,

**IT IS ORDERED** that Defendant's motion for permission to not be personally present and to appear at his change of plea hearing by video conference from Glasgow, Kentucky (Doc. 18) is denied.

Dated this 21st day of May, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Marquleie*
(SEAL)        DEPUTY

4